**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Carla Sudduth,               )
                             )
              Plaintiff,     ) Case No. 1:09-CV-809
                             )
     vs.                     )
                             )
Timothy F. Geithner,         )
Secretary of the Department  )
of Treasury,                 )
                             )
                             )
              Defendant.     )

## MEMORANDUM OF DECISION

On March 19, 2012, the Court entered an order (Doc. No. 45) granting the Secretary of the Department of Treasury's motion for summary judgment. This Memorandum of Decision sets forth the Court's analysis and reasons for granting for that motion.

## I. Background

Plaintiff Carla Sudduth's complaint presents a claim for race discrimination pursuant to Title VII of the Civil Rights Act of 1964 against Timothy G. Geithner, Secretary of the Department of Treasury, arising out her failure to obtain a promotion with the Alcohol and Tobacco Tax and Trade Bureau ("TTB").[1]

_____

[1]     Plaintiff's amended complaint also included claims for gender discrimination and retaliation, but she has apparently abandoned those claims at the summary judgment stage. See discussion, infra, at 3-4. The Court's recitation of the facts of the case, therefore, will focus on Plaintiff's race discrimination claim.

Plaintiff is African-American.  The record shows that Plaintiff was a Program Assistant for the TTB in the National Revenue Center located in Cincinnati.  Plaintiff had worked in this position since 2003.  In 2008, Plaintiff applied for a promotion to Program Specialist at either the GS-5 level or the GS-7 level.  There were two Specialist openings in the Winery and Tobacco Application Section, and one Specialist opening each in the Firearms, Ammunition and Excise Tax Section and Delinquent Tax Section.  Flesch Aff. (Doc. No. 30-3) ¶ 3  Plaintiff was one of twenty-eight applicants for these four Specialist openings.  Plaintiff was placed on the list as one of the "Best Qualified" candidates.

The record shows further that at about the time the new Specialist positions were being created, the National Revenue Center was undergoing a change in leadership.  Michael Littlejohn took over the National Revenue Center on an interim basis.  Littlejohn was the "selecting official" to fill these positions.  Flesch Aff. ¶ 4.  Rather than interview the applicants himself, Littlejohn solicited recommendations from his direct reports, Kimberly Flesch and Thurla Skora.  Id.; Skora Aff. (Doc. No. 30-4) ¶ 3.  In turn, Flesch and Skora requested recommendations from their Section Chiefs, who would be directly supervising the candidates who were promoted.  Flesch Aff. ¶ 5; Skora Aff. ¶¶ 3-4.  Plaintiff was in Skora's chain of command.  Skora Aff. ¶ 5.

Skora's section chiefs recommended James Lytle, a white male, and Cindy Muffley, a white female. Skora Aff. ¶¶ 5-6. Both of the Specialist openings in Flesch's division were in the Winery and Tobacco section. The chief of that section, Donna Honaker, recommended Patricia Baynard and Heather Thompson, both white females. Flesch Aff. ¶¶ 5-6. Littlejohn approved all of these recommendations. Littlejohn Aff. (Doc. No. 42), at 2. Later, Littlejohn received approval to fill a fifth Specialist position and chose Diane McCants, an African-American woman. Littlejohn selected McCants because she was the fifth name on the list of candidates he had been presented. Littlejohn Dep. (Doc. No. 30-1) at 16-17; <u>see also</u> Littlejohn Aff. (Doc. No. 42) at 3 (indicating that he selected McCants because she was the fifth person recommended by Flesch and Skora).

Plaintiff filed a complaint of discrimination with Equal Employment Opportunity Commission and received a right-to-sue letter. Amended Complaint ¶ 1. Plaintiff's amended complaint asserted claims for race and gender discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964. After discovery closed, the Secretary moved for summary judgment on each of the claims alleged in the amended complaint. Doc. No. 30. In response, however, Plaintiff only addressed her race discrimination claim. Plaintiff did not discuss nor proffer or point to evidence supporting her gender discrimination and

retaliation claims. Accordingly, the Court concludes that Plaintiff has abandoned those claims. <u>Bradley v. Mary Rutan Hosp. Ass'n</u>, 322 F. Supp.2d 926, 931 n.7 (S.D. Ohio 2004) (declaring claim abandoned where the plaintiff failed to address the claim in brief in opposition to defendant's motion for summary judgment, but addressed other claims).

## II. <u>Summary Judgment Standard of Review</u>

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An assertion of a undisputed fact must be supported by citations to particular parts of the record, including depositions, affidavits, admissions, and interrogatory answers. The party opposing a properly supported summary judgment motion "'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986) (internal quotation omitted).

The Court is not duty bound to search the entire record in an effort to establish a lack of material facts. <u>Guarino v. Brookfield Township Trs.</u>, 980 F.2d 399, 404 (6th Cir. 1992). Rather, the burden is on the non-moving party to "present affirmative evidence to defeat a properly supported motion for

4

summary judgment," <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. <u>Anderson</u>, 477 U.S. at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Ind. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The court construes the evidence presented in the light most favorable to the non-movant and draws all justifiable inferences in the non-movant's favor. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 249. The court must assess "whether there is the need for trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250. "If the evidence is merely colorable, . . . or is not significantly probative, . . . the court may grant judgment." <u>Anderson</u>, 477 U.S. at 249-50 (citations omitted).

## III. <u>Analysis</u>

Plaintiff alleges that she was illegally denied a promotion because of her race. There is no direct evidence of discrimination, such as discriminatory comments by a decision-maker related to the decision-making process. Accordingly, the

Court's analysis proceeds according to the McDonnell Douglas framework for circumstantial cases of race discrimination.

A plaintiff can establish a prima facie case of race discrimination in the failure to promote context by adducing sufficient evidence on the following elements: 1) she is a member of a protected class; (2) she was qualified for promotion; (3) she was "considered for and denied the promotion"; and (4) "other employees of similar qualification who were not members of the protected class received promotions." Upshaw v. Ford Motor Co., 576 F.3d 576, 585 (6th Cir. 2009).

Once the plaintiff establishes a prima facie case of race discrimination, the burden of production shifts to the employer to proffer a legitimate, non-discriminatory reason for its decision. Manzer v. Diamond Shamrock Chem. Co., 29 F.3d 1078, 1082 (6th Cir. 1994).

If the employer meets its burden of production, the burden shifts back to the plaintiff to show that the reasons proffered by the defendant are pretextual. Id. However, the burden of persuasion remains with the plaintiff at all times. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993).

The plaintiff may prove pretext in three ways: 1) by showing that the defendant's reasons had no basis in fact; 2) by showing that the reasons did not actually motivate the defendant; or, 3) by showing that the proffered reasons were not sufficient

6

to warrant the action taken.  <u>Kline v. Tennessee Valley Auth.</u>,
128 F.3d 337, 346 (6th Cir. 1997).

The Secretary essentially concedes that Plaintiff can
establish a prima facie case of race discrimination but contends
that she cannot rebut the legitimate non-discriminatory reasons
offered to show why she was not promoted.  The Secretary points
out that each of the Section Chiefs recommended the candidates he
or she wanted to be promoted and, in turn, those promotions were
approved by Littlejohn.  The Secretary argues that there is no
evidence that race played any part of the recommendations made by
the Section Chiefs.

According to the evidence submitted by the Secretary,
Cindy Muffley's Section Chief, Jacqueline Feinauer, recommended
Muffley for promotion because of her excellent work ethic and
because the Specialist position in her area involved commodities
and Muffley had experience with commodities.  Feinauer Aff. (Doc.
No. 30-5) ¶ 4.  Feinauer stated that she did not recommend
Plaintiff because her duties were administrative in nature and
because she did not have the same amount of experience with
commodities.  <u>Id.</u> ¶ 5.

Anthony Heagney recommended James Lytle for promotion
because he found Lytle's work habits to be superior to Plaintiffs
and because he was more productive than Plaintiff.  Heagney Aff.
(Doc. No. 30-6) ¶ 5.  Additionally, Heagney stated that Plaintiff

sometimes did not complete her assignments in a timely manner. Id. The other Section Chief, Donna Honaker, recommended both Patricia Baynard and Heather Thompson. Honaker explained that Plaintiff had never worked in her chain of command and was not aware of her qualifications. Honaker Aff. (Doc. No. 39), at 1-2. Honaker stated that she selected Thompson because she had heard that Thompson had a good work ethic. Id. at 2. Honaker stated that she recommended Baynard because Baynard worked directly for her and she knew that Baynard had a good work ethic. Id.

In attempting to rebut the Secretary's reasons for not selecting her for promotion, Plaintiff principally relies on her own affidavit, which claims that her qualifications were superior to the candidates actually selected. Doc. No. 35. Plaintiff also submits the affidavits of several of her co-workers, who allege that there was a lack of promotional opportunities for African-Americans at the National Revenue Center. Doc. Nos. 36, 37 & 41. Plaintiff, however, cannot withstand summary judgment by relying on her subjective evaluation and comparison of her qualifications to her co-workers' qualifications. Schoonmaker v. Spartan Graphics Leasing, LLC, 595 F.3d 261, 268-69 (6th Cir. 2010); Wrenn v. Gould, 808 F.2d 493, 502 (6th Cir. 1987) ("Wrenn's perception of his competence, and the incompetency of those competing against him, is relevant; the search committee's perceptions and motivations are key."). Similarly, the opinions

8

of Plaintiff's co-workers about lack of promotional opportunities for African-American employees at the National Revenue Center are irrelevant in attempting to show pretext. See <u>Haley v. General Elec. Co.</u>, 3 Fed. Appx. 240, 248 (6th Cir. 2001) ("Without more, mere opinions [as to GE's promotional practices] expressed by co-workers who have no direct involvement in the decision-making processes have no probative value as to GE's alleged discriminatory intent.").

Plaintiff claims that Heagney once told her that he had trouble working with black females. Plaint. Aff. (Doc. No. 39) ¶ 42. This statement, however, apparently was made four to five years before the events at issue in this case, and, therefore, is unrelated to the challenged decision-making process and is too remote in time to constitute evidence of discrimination. <u>Id.</u> ¶¶ 36-44; <u>Weigel v. Baptist Hosp. of East Tenn.</u>, 302 F.3d 367, 379 (6th Cir. 2002). <u>Myers v. Cuyahoga County, Ohio</u>, 182 Fed. Appx. 510, 520 (6th Cir. 2006). Moreover, Plaintiff's affidavit indicates that she actually got along well with Heagney, that he praised her work, and stated that she should have been selected for an earlier promotional opportunity. Plaint. Aff. ¶¶ 48-49.

On this record, no reasonable juror could find that race was a motivating factor in the decision not to promote Plaintiff. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S.

133, 148 (2000).  Accordingly, the Secretary is entitled to

summary judgment on Plaintiff's race discrimination claim.

        **IT IS SO ORDERED**

Date_April 4, 2012_             _s/Sandra S. Beckwith_

                                    Sandra S. Beckwith

                         Senior United States District Judge